UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM "JACK" BAXTER, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ISLAMIC REPUBLIC OF IRAN, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No 11-cv-2133-RCL |

## MEMORANDUM AND ORDER

Now before the Court is plaintiffs' motion for entry of default judgment as to liability. ECF No. 28. In that same document, plaintiffs also move for the appointment of a special master. *Id.* at 18–19. To date, defendants have not entered an appearance in this matter.

For the reasons stated below, plaintiffs' motion for entry of default judgment is **DENIED** without prejudice. Their motion to appoint a special master is likewise **DENIED**. Their motion for extension of time to move for default judgment is **GRANTED**.

Plaintiffs[1] brought suit against the Islamic Republic of Iran, Iranian Ministry of Information and Security, Syrian Arab Republic, and Syrian Air Force Intelligence (collectively "defendants") for injuries suffered in eleven separate terrorist attacks carried about by Hamas and for which plaintiffs allege defendants provided material support.[2] The eleven attacks at issue occurred between December 1, 2001 and September 24, 2004. Pls.' Mot. Default J. 1–2. Plaintiffs also filed suit in the Eastern District of New York against separate defendants. *Linde v. Arab Bank, PLC*, No. 04-cv-2799, (E.D.N.Y. Sept. 22, 2014); Pls.' Mot. Default J. 1 n.1. In

---

[1] Full list of plaintiffs can be found in the Complaint, ECF No. 1.
[2] The eleven attacks are enumerated in plaintiffs' motion for default judgment.

*Linde*, the Court considered 24 attacks allegedly carried about by Hamas. The 24 attacks in *Linde* included all eleven attacks alleged herein. In that case, after issuing verdicts in favor of plaintiffs on all 24 attacks, the Court granted the *Linde* defendants' Federal Rule of Civil Procedure 50 motion in part, overturning the verdict with respect to two of the 24 attacks. *Linde v. Arab Bank, PLC*, 95 F. Supp. 3d 287, 330–31 (E.D.N.Y. 2015). The two which were overturned, the attack on Bus No. 19 on January 29, 2004 and the attack of Neve Dekalim on September 24, 2004 are two of the eleven attacks also alleged by plaintiffs before this Court. Pls.' Mot. Default J. 1 n.1. Plaintiffs[3] move for default judgment on the other nine attacks alleged in this action against defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security (collectively "Iranian defendants"). *Id.* at 2. Plaintiffs further move for an extension of time to move for default judgment against defendants Syrian Arab Republic and Syrian Air Force Intelligence (collectively "Syrian defendants"), as well as for an extension of time for individual plaintiffs Erik Schecter, Tiferet Tratner, and Shlomo Tratner to move for default judgment with regard to those two attacks overturned in the New York action. *Id.*

Plaintiffs first move for the Court to take judicial notice, under Federal Rule of Evidence 201, of the court's findings of facts and conclusions of law in *Linde* with regard to Hamas's liability for the nine attacks here at issue. Pls.' Mot. Default J. 6–7. Plaintiffs then ask the Court to enter a liability judgment against the Iranian defendants under the Foreign Sovereign Immunities Act of 1976 ("FISA"), Pub. L. No. 94-583, 90 Stat. 2891 (codified as amended at 28 U.S.C. §§ 1330, 1332(a), 1391(f), 1441 (d), 1602-11) by either "reviewing evidence considered in an opinion that is judicially noticed, or by adopting previous findings of facts and conclusions of law." Pls.' Mot. Default J. 7. Plaintiffs then request that this Court appoint a special master to

---

[3] Except for plaintiffs Erik Schecter, Tiferet Tratner, and Shlomo Tratner who are the plaintiffs alleging injuries from the Bus No. 19 and the Neve Dekalim attacks.

2

assist the Court in assessing damages. Pls.' Mot. Default J. 19. The Court, however, declines to do so at this time.

At issue—assuming the Court were to take judicial notice of the evidence in *Linde* demonstrating Hamas carried out these attacks—is the lack of evidence in the record demonstrating the Iranian defendants' material support in furthering the attacks involved in this litigation. While it is true this Court has previously entered findings against Iran in two of these eleven attacks, there remain seven for which Hamas was adjudged liable in *Lind* and for which a liability determination with regard to Iran needs to be made. Moreover, there remain two attacks for which liability has not been determined either with regard to Hamas or Iran. The Court declines to engage in piecemeal liability determinations. Plaintiffs must put forth, simultaneously, all evidence required to enter a judgment under the FSIA. They have not done so here. Their motion for entry of default judgment shall therefore be **DENIED** without prejudice. Their motion for the appointment of a special master is likewise **DENIED**.

Finally, plaintiffs have also requested the opportunity, to present at a later date evidence regarding Hamas's responsibility for the two attacks for which the *Linde* court failed to find Hamas liable. That request is **GRANTED**. At the time plaintiffs present that evidence they shall also put forth all evidence necessary for this Court to enter judgment as to liability in this action.

Pursuant to the above, a status conference will be held to set a schedule for further proceedings herein.

It is so **ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, March 31, 2016.