UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 0 4 2018
Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| WILLIAM "JACK" BAXTER, *et al.* | § § § § § § § § § § | |
| PLAINTIFFS, | | No. 11-CV-2133 (RCL) |
| v. | | |
| ISLAMIC REPUBLIC OF IRAN, *et al.* | | |
| DEFENDANTS. | | |

**Order:
Severing the Syrian Defendants from this Case**

The plaintiffs have brought claims against four defendants: the Islamic Republic of Iran, the Iranian Ministry of Information and Security ("MOIS"), the Syrian Arab Republic, and the Syrian Air Force Intelligence ("SAFI"). The Clerk of the Court has entered default against the two Iranian defendants [ECF #26] and the plaintiffs have moved for default judgment as to these defendants [ECF #30]. The Clerk of the Court has also entered default against the Syrian defendants [ECF #25] and the plaintiffs have moved for judgment as to these defendants [ECF #30]. No defendant has appeared to this point.

While the Court finds that the Iranian defendants were properly served through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4), (ECF #15), the Court cannot say with certainty that the Syrian defendants have been properly served. The plaintiffs claim to have effectuated service on the Syrian defendants under 28 U.S.C. § 1608(a)(3) by mailing the summons, complaint, and notice of suit, together with a translation of each into Arabic, to the head of the Syrian Ministry of Foreign Affairs in Damascus. (ECF ##22, 23, 24). In support of this,

1

the plaintiffs provide a DHL waybill showing that the documents were delivered to the Syrian Ministry of Foreign Affairs in Damascus on October 16, 2014, and signed for by "Bassam." (ECF #24-1). The problem is that no one knows who "Bassam" is or whether he is a person authorized to accept service on behalf of the Syrian defendants. The Court does not say that service on the Syrian defendants was necessarily inadequate. But to avoid the service being called into question later, and out of an abundance of caution, the Court will refrain from adjudicating the plaintiffs' case against the Syrian defendants until service has been effected through diplomatic channels under 28 U.S.C. § 1608(a)(4). For that reason, the Court vacates the Clerk's entry of default against the Syrian defendants. Therefore, while a motion for default judgment against the Iranian defendants may now be properly considered, a motion for default judgment against the Syrian defendants may not.

The Court discussed these issues with the plaintiffs at the status conference held on May 2, 2018, at 10:00 a.m. There, the plaintiffs suggested that the Court sever the Syrian defendants from this case so that a motion for default judgment against the Iranian defendants may go forward while the plaintiffs engage in the lengthy process of effectuating diplomatic service on the Syrian defendants under 28 U.S.C. § 1608(a)(4). For the reasons that follow, the Court will so sever the Syrian defendants from this case.

Under FED. R. CIV. P. 21, a court may "at any time, on just terms, add or drop a party" and "sever any claim against a party." (FED R. CIV. P. 21). This rule provides district courts broad discretion in determining when severance is appropriate. (*See Wyndham Assocs. V. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) ("We believe that [Rule 21] authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance."); *see also 17th Street Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 598

n.9 (E.D. Va. 2005) (stating that under Rule 21, a "court has virtually unfettered discretion in determining whether or not severance is appropriate") (internal citation omitted)). The plaintiffs' claims against the Iranian defendants are ripe for consideration on the merits while their claims against Syria and SAFI continue to languish as a result of difficulties in effecting service.

The Court's Rule 21 power is limited by the requirement that the party dismissed or severed may not be indispensable. (*In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011)). The plaintiffs' allegations indicate that the defendants are mere joint tortfeasors. (*See generally* ECF #1, Compl. (alleging many times that all of the defendants are jointly and severally liable for sponsoring and providing material support to Hamas)). Therefore, severance of the claims against the Syrian defendants would not be prejudicial. (*Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.")).

In light of these considerations, the Court concludes that all claims against Syria and SAFI should be severed from those against IRAN and MOIS. Accordingly, the Court **ORDERS** the following:

- That the plaintiffs' claims against the Syrian Arab Republic and the Syrian Air Force Intelligence are severed from this case;

- That the Clerk of the Court shall establish a new civil action for the plaintiffs' claims against the Syrian Arab Republic and the Syrian Air Force Intelligence, which shall be styled "*William 'Jack' Baxter*, et al. *v. Syrian Arab Republic*, et al.," and which shall for all purposes relate back to plaintiffs' initial complaint;

- That this order shall be the first document filed on the docket of the new matter created by this Order; and

3

- That the following filings on the current docket of this case shall also be filed on the docket of the new matter created by this order:
    - ECF ##1–10,
    - ECF ##16–25, and
    - ECF ##27–29.

**IT IS SO ORDERED.**

Signed on May____3____, 2018.

_____
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE