UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARUCH TRATNER et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 18-cv-2971 (RCL) |
| ) | |
| ISLAMIC REPUBLIC OF IRAN et al. ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFFS' REQUEST FOR RECONSIDERATION OF
THE SPECIAL MASTER'S REPORT AND RECOMMENDATION
RE: NATHAN PAM**

In the Report and Recommendation of the Special Master re: the Pam Plaintiffs ("Pam Rep."), the Special Master found insufficient medical proof of a nexus between Nathan's emotional difficulties following the June 11, 2003 terror attack and his inability to secure and retain gainful employment, and recommended his prayer for economic damages be denied.

Plaintiffs object to the Special Master's recommended denial, citing a letter dated October 27, 2022, from Bridge City Counseling LLC, in which Licensed Professional Counselor Natasha Salemme diagnoses Nathan with Major Depressive Disorder, Other Specified Trauma, Stressor Disorder, and Post Traumatic Stress Disorder.  Ms. Salemme then ties Nathan's workplace difficulties to these disorders, which she attributes to the June 11 Attack.  Plaintiffs also supply Nathan's supplemental declaration, in which he regurgitates Ms. Salemme's findings and to which he attaches copies of two boilerplate Settlement and Release Agreements, one executed by Nathan and Eve Sleep, Inc. and the other by Nathan and ROI DNA, Inc.

Nathan's arguments are unpersuasive.

*First*, the Special Master has already carefully considered Ms. Salemme's diagnosis of Nathan's mental state. Pam Rep. at 4–6. Based on her diagnosis, the Special Master recommended Nathan receive a solatium award of $1,562,500, representing a 25% enhancement to the baseline solatium award of $1.25 million accorded siblings of injured victims of terror attacks. Pam Rep. at 12, 22 (citing *Davis v. Islamic Republic of Iran*, 882 F. Supp. 2d 7, 14 (D.D.C. 2012)). *Second*, Nathan's objections fail to reconcile the discrepancies between his stated inability to maintain gainful employment and his not-inconsiderable academic and professional achievements during the two decades following the June 11 Attack. *Third*, accepting a direct connection between Nathan's workplace difficulties and his mental health disorders—first identified 20 years after the terrorist incident, overlooks the possibility of other responsible intervening factors. The Special Master is constrained not to draw any conclusions absent a complete record. *Finally*, the Special Master finds Nathan's attempt to leverage his emotional injuries into damage awards under the theories of loss of solatium *and* lost economic capacity runs afoul of the principle, precluding FSIA plaintiffs from multiple recoveries under different theories. *See Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1, 23 (D.D.C. 2016) ("A plaintiff who has alleged multiple claims is limited to recover from the tortfeasor under only one of the theories, although the tortfeasor may be liable under more than one") (citing *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 77 (D.D.C. 2010)). *See also Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 74 (D.D.C. 2010) ("[P]laintiffs who have claimed assault, battery, and IIED may recover under only one of any such theories, as multiple recovery is prohibited.").

For these reasons, the Special Master recommends Nathan Pam's request for reconsideration be denied.

Dated: May 1, 2025                                    Respectfully submitted,

                                                      /s/ Alan L. Balaran,
                                                      Alan L. Balaran, Esq.
                                                      Special Master